UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-_____-CIV-X/X

| | |
|---|---|
| **Valentina Teresa Reyes**, and **Yasmina Farah**, individually, and on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>**Home KO, LLC,** a Florida limited liability company; **Courey International (U.S.A.) Inc.**, a for profit Florida corporation, and; **Alan Courey**, individually,<br><br>      Defendants. | CLASS REPRESENTATION |

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs Valentina Teresa Reyes, and Yasmina Farah, individually, and on behalf of others similarly situated, sue Defendants, Home KO, LLC; Courey International (U.S.A.) Inc., and; Alan Courey, individually, and allege:

## JURISDICTIONAL ALLEGATIONS

1. This lawsuit is an action to recover money damages for unpaid overtime wages, brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes. This Court enjoys jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), 28 U.S.C. §1367, §448, Florida Statutes, and § 24, Art. X of the Florida Constitution.

2. Plaintiff Valentina Teresa Reyes ("Reyes") worked as a sales representative for a home improvement company operating under the names Home KO, LLC and Courey International (U.S.A.) Inc. She was employed approximately ten (10) years ending January 2020.

3. Plaintiff Yasmina Farah ("Farah") worked as a buyer representative for the same home improvement company operating under the names Home KO, LLC and Courey International (U.S.A.) Inc. She was employed approximately fifteen (15) years ending January 2020.

4. Plaintiffs Reyes and Farah, together with any other person who may hereafter consent to join in this lawsuit, are respectively "employees" within the meaning of 29 U.S.C. §203(e).

5. Defendants Home KO, LLC ("Home KO") and Courey International (U.S.A.) Inc. ("Courey International") are a conglomerate of related entities and individuals, said entities being closely owned and/or controlled by individuals, including, *inter alia*, Defendant Alan Courey. Defendants may be jointly referred to as "Employer" or "Defendants".

6. Defendant Home KO is a Florida limited liability company, and a "person" and "employer" within the meaning of the 29 U.S.C. §203 (a) and (d).

7. Defendant Courey International, is a Florida corporation and a "person" and "employer" within the meaning of the 29 U.S.C. §203 (a) and (d). Defendants, individually and as a group – together and with others through which it operates – are an "Employer" and an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

8. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, 1367 and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and

across state lines. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

9. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the named Plaintiffs, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

## CLASS ALLEGATIONS UNDER THE FLSA

10. The Plaintiffs are similarly situated to other persons employed by the Employer in that they were required to be paid for hours worked in excess of forty (40) in a workweek, at the statutory premium rate of 1.5 time regular hourly rate during any part of the preceding three-year period commencing upon the filing of this lawsuit.

11. The Employer does not keep accurate time-keeping records for hours worked by the Plaintiffs or any other similarly situated, covered employees as a means to avoid the payment of overtime hours by capping the hours worked log at 40 hours per week even though employees routinely worked more than 40 hours per week.

12. Plaintiffs and others similarly situated were required to work in excess of 40 hours per week without payment for those hours at the premium rate, or at all.

## ATTORNEY'S FEES

13. Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

14. Plaintiffs and others similarly situated are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority. Additionally, Plaintiffs are entitled to fees and costs pursuant to Florida Statute §448.08, and other related authority.

## – COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)

Plaintiffs, and others similarly situated, reallege ¶¶ 1-14 as though fully set forth here.

15. At all times during his employment, Plaintiffs, and those similarly situated, were protected employees required by law to be paid by at the rate of one-and-half times their regular hourly rate for all hours they worked in excess of forty during any given workweek.

16. Plaintiffs routinely worked overtime hours every workweek, but their overtime hours were routinely and systematically not paid at the premium rate, and/or at all.

17. Other current and former similarly situated employees of the Employer, were also not paid overtime wages as required by law.

18. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the premium rate, or at all, for hours worked in excess of forty (40) hours per workweek.

19. The Employer failed to pay overtime compensation to Plaintiffs, and those similarly situated, based upon factors to include the following: (a) Plaintiffs were not paid for most of the

many hours worked in excess of forty at all during applicable workweeks; (b) the Employer failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

20. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiffs and other similarly situated employees overtime wages due from the commencement of the statutory period beginning April 2017, and, as a result, they are entitled to recover liquidated damages equal to the amount of their unpaid overtime wages for that period.

WHEREFORE, Plaintiffs and others similarly situated request all unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act. In the event that Plaintiffs and those similarly situated employees do not recover liquidated damages, then Plaintiffs and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

– COUNT II –
**BREACH OF AGREEMENT TO PAY COMMISSIONS AND PTO BENEFITS**

Plaintiff Valentina Teresa Reyes realleges ¶¶ 1-2, 5-8, and 13-14, as though fully set forth herein.

21. At all times during her employment, Plaintiff Reyes was employed by the Employer who promised to pay her commissions in addition to her regular hourly compensation as a material term of employment. Commissions were based upon gross revenues or sales generated by Plaintiff Reyes on a monthly basis.

22. Additionally, Employer agreed to compensate Plaintiff Reyes for accrued paid-time-off ("PTO") benefits as a material term of employment.

23. The Employer breached the agreement by failing to pay commissions generated and due on a monthly basis and/or at the time employment terminated.

24. The Employer breached the agreement by failing to pay accrued PTO benefits.

WHEREFORE, Plaintiff Reyes demands the following: payment of all accrued unpaid wages and commissions, including unpaid PTO benefits, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## – COUNT III –
## BREACH OF AGREEMENT TO PAY PTO BENEFITS

Plaintiff Yasmina Farah realleges ¶¶ 1, 3, 5-8, and 13-14, as though fully set forth herein.

25. At all times during her employment, Plaintiff Farah was employed by the Employer who promised to pay her accrued paid-time-off benefits as a material term of employment.

26. The Employer breached the agreement by failing to pay Plaintiff Farah accrued PTO benefits.

WHEREFORE, Plaintiff Farah demands the following: payment of all accrued unpaid wages, including unpaid PTO benefits, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## **JURY DEMAND**

27. Plaintiffs demand trial by jury of all issues, claims and defenses triable by jury as of right.

Dated: May 15, 2020

Anthony F. Sanchez, P.A.
Attorneys for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Fax: 305-328-4842
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
    Anthony F. Sanchez
    Florida Bar No. 789925
