UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:20-cv-22037-FAM

Valentina Teresa Reyes, and Yasmina Farah,
individually, and on behalf of others similarly
situated,

      Plaintiffs,

vs.

HomeKO, LLC, a Florida limited liability
Company; Courey International (U.S.A.)
Inc., a for profit Florida corporation; and
Alan Courey, individually,

      Defendants.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendant HOMEKO, LLC ("Defendant HomeKO"), Defendant COUREY INTERNATIONAL (U.S.A.) INC. ("Defendant Courey International"), and Defendant ALAN COUREY ("Defendant Courey") (referred to collectively as "Defendants"), by and through the undersigned counsel, hereby file this Answer to Plaintiffs' Complaint and answer the numbered paragraphs of Plaintiffs' Complaint as follows:

## JURISDICTIONAL ALLEGATIONS

1.    Defendants admit that Plaintiffs purport to bring this as an action to recover money damages for unpaid overtime wages brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes, and Defendants admit that this Court has jurisdiction over claims brought pursuant to the Fair Labor Standards Act ("FLSA").  Defendants deny that Plaintiffs are entitled to any damages for unpaid

overtime wages, and Defendants deny that there has been any violation of the FLSA, Florida common law or statutes, or any other federal or state laws.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint, except Defendants admit that Plaintiff Reyes worked as a sale representative for Defendant HomeKO and that her employment ended in January 2020.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except Defendants admit that Plaintiff Farah works as a buyer for Defendant HomeKO and that her employment ended in January 2020.

4. The allegations contained in Paragraph 4 of the Complaint are solely legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except Defendants admit that Defendant HomeKO and Defendant Courey International are both owned by Defendant Courey.

6. Defendants admit that Defendant HomeKO is a Florida limited liability company. The remaining allegations contained in Paragraph 6 of the Complaint are solely legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in this Paragraph.

7. Defendants admit that Defendant Courey International is a Florida corporation. The remaining allegations contained in Paragraph 7 of the Complaint are solely legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations contained in this Paragraph.

8.      Defendants deny the allegations contained in Paragraph 8 of the Complaint, except Defendants admit that Defendant HomeKO and Defendant Courey International both had annual gross revenue in excess of $500,000 per year in the three years preceding the filing of the instant action, and Defendants admit that Defendant HomeKO and Defendant Courey International are organizations that sell and/or market services and/or goods to customers in Florida and across state lines.

9.      The allegations contained in Paragraph 9 of the Complaint are solely legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in this Paragraph.

## CLASS ALLEGATIONS UNDER THE FLSA

10.     Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## ATTORNEY'S FEES

13.     Defendants admit that Plaintiffs purport to have engaged the services of the attorneys who appear in the signature block of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore, denies the remaining allegations on this basis.

## ENTITLEMENT TO ATTORNEY'S FEES

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## -COUNT I-
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Wages)

Defendants reaffirm and re-allege their answers to Paragraphs numbered 1 through 14 as if stated herein in full.

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint, except  Defendants admit that Plaintiff Reyes was entitled to receive the payment of overtime compensation when she worked in excess of forty (40) hours during a workweek.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the ad damnum clause of Count I of the Complaint, including all subparts.

### -COUNT II-
### BREACH OF AGREEMENTN TO PAY COMMISSIONS AND PTO BENEFITS

Defendants reaffirm and re-allege their answers to Paragraphs numbered 1 through 14 as if stated herein in full.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint, except Defendants admit that Plaintiff was eligible to receive commission payments during her employment with Defendant HomeKO, subject to the terms and conditions required for her to earn any such commission payments.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the ad damnum clause of Count II of the Complaint, including all subparts.

**-COUNT III-**
**BREACH OF AGREEMENTN TO PAY PTO BENEFITS**

Defendants reaffirm and re-allege their answers to Paragraphs numbered 1 through 14 as if stated herein in full.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the ad damnum clause of Count III of the Complaint, including all subparts.

**JURY DEMAND**

27.     Defendants admit that Plaintiffs demand a trial by jury of all issues, claims, and defenses triable by jury as of right.

**STATEMENT OF DEFENSES**

As separate defenses and without conceding that the Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

1.     The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2.     To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such FLSA claims of Plaintiffs are barred.

3.     Plaintiffs' FLSA claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise

5

to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

4.      Plaintiffs' FLSA claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities.

5.      Plaintiffs' FLSA claims are barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

6.      Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.

7.      Plaintiff Farah's FLSA claim is barred, in whole or in part, to the extent that the work she performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. §213(a) and/or (b), including but not limited to, the administrative, executive, and/or combination exemptions.

8.      Plaintiff Farah's FLSA claim is barred, in whole or in part, by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that she now contend that she misrepresented, fabricated, falsely reported, or purposely concealed her true job functions, duties, or job performance material to the analysis of whether she was employed by Defendants as an exempt employee and there is no evidence that Defendants encouraged her to misrepresent, fabricate, falsely report, or purposely conceal her true job functions, duties, or job performance and no evidence that Defendants knew or should have known that she was misrepresenting, fabricating, falsely reporting, or purposely concealing her true job functions,

6

duties, or job performance.

9.      Plaintiff Reyes' FLSA claim is barred in whole or in part by the doctrines of estoppel and avoidable consequences to the extent that discovery reveals that she now contends that she misrepresented, fabricated, falsely reported, or purposely concealed her true hours worked material to the analysis of whether Defendants encouraged her to misrepresent, fabricate, falsely report, or purposely conceal her true hours worked and no evidence that Defendants knew or should have known that she was misrepresenting, fabricating, falsely reporting, or purposely concealing her hours worked.

10.     Some or all of Plaintiffs' claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

11.     Plaintiffs were not employed by Defendant Courey International (U.S.A.) Inc.

-Defendants reserve the right to amend their Statement of Defenses-

**WHEREFORE**, Defendant HOMEKO, LLC, Defendant COUREY INTERNATIONAL (U.S.A.) INC., and Defendant ALAN COUREY, respectfully request that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; and (c) grant such other and further relief as the Court deems just and proper.

DATED this 14th day of July 2020.          Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel:  (305) 400-7500; Fax: (305) 603-2552

By:  s/Aaron Reed
          Aaron Reed
          Florida Bar No. 0557153
          E-mail: areed@littler.com

Counsel for Defendants

8

## CERTIFICATE OF SERVICE

 **I HEREBY CERTIFY** that on this 14th day of July 2020,  a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

/s/ Aaron Reed
Aaron Reed

## SERVICE LIST

**Counsel for Plaintiff:**
Anthony F. Sanchez
E-mail: afs@laborlawfla.com
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel: (305) 665-9211
Fax: (305) 328-4842

4827-7180-8449.1 108219.1001