UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-22037-CIV-MORENO/Louis

| | |
|---|---|
| **Valentina Teresa Reyes** and **Yasmina Farah**, individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**Home KO, LLC,** a Florida limited liability company; **Courey International (U.S.A.) Inc.**, a for profit Florida corporation, and; **Alan Courey**, individually,<br><br>    Defendants. | CLASS REPRESENTATION |

### JOINT MOTION FOR APPROVAL OF THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE BASED UPON *IN CAMERA* INSPECTION

Plaintiffs, Valentina Teresa Reyes and Yasmina Farah, and Defendants, Home KO, LLC, Courey International (U.S.A.) Inc., and Alan Courey, individually (hereinafter "the Parties"), file this Joint Motion for Approval of the Parties' Confidential Settlement Agreements and Dismissal with Prejudice Based Upon *In Camera* Inspection, and respectfully state as follows:

    1.    This is an action filed for relief under the Fair Labor Standards Act ("FLSA"), in which Plaintiffs seeks recovery for unpaid overtime wages allegedly due and owed to them, together with corresponding liquidated damages, , as well as unpaid wages allegedly due and owed to them under common law theory.

    2.    Defendants deny Plaintiffs' allegations and dispute the validity of their claims.

    3.    The Parties negotiated a resolution of the matter after exchanging discovery requests and following a full day mediation on September 25, 2020, during which time the Parties

exchanged relevant documentary evidence, including pay and time records, and calculations and additional data and materials relative to all claims and defenses.

4. Importantly, throughout the entirety of the resolution process, the parties were represented by respective counsel with experience in this area of law.

5. At the conclusion of the mediation, the Parties signed a Settlement Agreement and General Release ("Settlement Agreement") that memorializes the monetary and non-monetary terms and conditions of the settlements. A separate Settlement Agreement was prepared and signed for each Plaintiff.

6. The Parties have agreed to settle all of the claims in this dispute, and have executed Settlement Agreements. The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their disputes. Plaintiffs are each receiving a reasonable and satisfactory recovery of an agreed upon sum for the claims they have asserted in the instant action. The settlement payments that will be made to Plaintiffs include an agreed upon sum for unpaid wages, plus an equal amount for liquidated damages.

7. The settlement amounts payable to Plaintiffs were negotiated first and separately from the settlement amounts to be paid for attorneys' fees and costs. The Parties resolved the claim for statutory fees and costs on Friday, October 2, 2020, the week following mediation, and subsequently memorialized the terms and conditions of the attorneys' fees and costs payment, in an Addendum to the Settlement Agreements.

8. Because Plaintiffs' lawsuit includes a claim for unpaid overtime wages under §207 of the FLSA, the settlements are subject to judicial scrutiny to determine whether the settlements represent a fair compromise of the FLSA unpaid wage claims. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982). This is because "FLSA rights cannot be abridged by

contract or otherwise waived because this would 'nullify the purposes' of the statute in and thwart the legislative policies it was designed to effectuate." *Lynn's Food Stores,* 679 F.2d at 1352, quoting *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437 (1981). Thus, when litigants propose a compromise of FLSA wage claims, they must present their proposed "compromise to the district court, which 'may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Dees v. Hydradry, Inc.*, 706 F.Supp 2d 1227 1235 (M.D. Fla. 2010) quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

9. The Parties have agreed to keep the specific terms and conditions of the Settlement Agreements confidential.  To that end, the Parties respectfully request approval to present the Settlement Agreements to the Court, in their written and executed form, for an *in camera* review, in order to protect the confidential nature of the agreements.  By allowing an *in camera* review, the Court can consider the agreements and still protect the confidentiality that the parties bargained for.  Alternatively, the Parties can proceed in any other manner the Court allows that protects the confidential nature of the Settlement Agreements.

WHEREFORE, the Parties jointly request that the Court review the Parties' settlement agreements *in camera*, enter an Order approving the settlement agreements and dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement, *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

Dated: October 8, 2020

Respectfully submitted,

| | |
|---|---|
| By: /s/ Anthony F. Sanchez<br>Anthony F. Sanchez, Esq.<br>Florida Bar No.: 789925<br>Email: afs@laborlawfla.com<br>Email: faz@laborlawfla.com<br>ANTHONY F. SANCHEZ, P.A.<br>6701 Sunset Drive, Suite 101<br>Miami, Florida 33143<br>Tel:   305-665-9211<br>Fax:  305-328-4842<br><br>*Counsel for Plaintiffs* | By: /s/a Aaron Reed<br>Aaron Reed, Esq.<br>Florida Bar No.: 557153<br>Email: areed@littler.com<br>Email: btapia@littler.com<br>Rebecca R. Anguiano, Esq.<br>Florida Bar No.: 99690<br>Email: ranguiano@littler.com<br>Email: grivas@littler.com<br>LITTLER MENDELSON, P.C.<br>Wells Fargo Center<br>333 SW 2nd Avenue, Suite 2700<br>Miami, Florida 33131-2187<br>Tel:   305-400-7500<br>Fax:  305-603-2552<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of record and parties listed on the Service List below.

By: /s/ Anthony F. Sanchez
Anthony F. Sanchez
Florida Bar No. 789925
**Anthony F. Sanchez, P.A.**
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.:    305-665-9211
Fax:     305-328-4842
Email:   afs@laborlawfla.com

## SERVICE LIST

Anthony F. Sanchez, Esq.
Florida Bar No.: 789925
Email: afs@laborlawfla.com
Email: faz@laborlawfla.com
*Counsel for Plaintiff*
ANTHONY F. SANCHEZ, P.A.
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel:    305-665-9211
Fax:    305-328-4842

Aaron Reed, Esq.
Florida Bar No.: 557153
Email: areed@littler.com
Email: btapia@littler.com
Rebecca R. Anguiano, Esq.
Florida Bar No.: 99690
Email: ranguiano@littler.com
Email: grivas@littler.com
*Counsel for Defendant*
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SW 2nd Avenue, Suite 2700
Miami, Florida 33131-2187
Tel:    305-400-7500
Fax:    305-603-2552
*Via Notice of Electronic Filing*